Shirley STATEN et al., Plaintiffs,

v.

HOUSING AUTHORITY OF the CITY
OF PITTSBURGH et al., Defendants.

Civ. A. No. 78–1359 D.

United States District Court,
W. D. Pennsylvania.

May 1, 1979.

Thomas J. Henderson, Neighborhood Legal Services, Pittsburgh, Pa., for plaintiffs.

David B. Washington, Housing Authority of Pittsburgh, Pa., for defendants.

## OPINION

McCUNE, District Judge.

This civil rights action, originally brought as a class action, was filed by two tenants in a federally assisted public housing project owned and operated by the Housing Authority of the City of Pittsburgh (Housing Authority). Plaintiffs, Shirley Staten and Phyllis Hardison, allege that the defendant Housing Authority terminated their leases and instituted state eviction proceedings without providing sufficient notice as mandated by 42 U.S.C. § 1437 d, the regulations promulgated thereunder at 24 C.F.R. 866 (1978), and the corresponding Public Housing Occupancy Handbook, 7465.1 Rev. Plaintiffs allege that the Housing Authority's practices have denied them due process of law in violation of their rights under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1988. Plaintiffs also

allege that the Housing Authority's practices violate the Act of April 6, 1951, P.L. 69, art. V, § 501, 68 P.S. § 250.501. Jurisdiction is based upon 28 U.S.C. § 1343 and the doctrine of pendant jurisdiction.

Plaintiffs assert no money damages. They seek an injunction preventing the Housing Authority from evicting them until the defendant complies with the necessary notice procedures as mandated by federal and state law. They also seek relief declaring the Housing Authority's procedures in violation of 24 C.F.R. Part 866 and 68 P.S. § 250.501.

This matter was tried, non-jury, and the following is written to comply with Rule 52 of the Federal Rules of Civil Procedure.

## I

Plaintiff, Shirley Staten, was advised by the Housing Authority in the form of an "INTENT TO EVICT" notice for nonpayment of rent, dated November 1, 1978, that her continuing entitlement to public housing was to be terminated. This notice ordered Staten to vacate the dwelling or pay the rent due by November 15, 1978. The notice also apprised Staten of her right to contest "the Authority's proposed action to terminate her lease by requesting an administrative hearing." This right to a hearing, however, was conditioned upon Staten notifying the manager of her intent to request a hearing by November 10, 1978. Staten did not present a grievance to the manager.

Plaintiff, Phyllis Hardison, also received "INTENT TO EVICT" notices for non-payment of rent on two separate occasions.[1] On neither occasion did she request a hearing by notice to the manager. The Housing Authority's notice to Hardison of July 3, 1978 was the first notice. It ordered Hardison to vacate the dwelling or pay the sum requested by July 18, 1978. The rent was not paid. The Housing Authority instituted state court eviction proceedings against

Hardison on July 27, 1978, and obtained a judgment for possession of the premises. An agreement was reached between the parties, however, and Hardison was allowed to retain possession. Thereafter, Hardison received another notice for non-payment of rent, dated October 6, 1978, ordering her to vacate the premises by October 23, 1978. On November 3, 1978, the Housing Authority instituted state court eviction proceedings against Hardison. This court enjoined the state eviction hearing on December 21, 1979, on condition that the rent be paid to the Clerk and rent be kept current pending these proceedings.

Plaintiffs contend that a two notice system must be implemented by the Housing Authority to comply with HUD regulations. The initial notice must announce a proposed termination and inform the tenant of his right to a grievance meeting or informal settlement. The second notice must be a notice to vacate the premises. Defendant, on the other hand, contends that a single notice, containing a proposed termination clause and a notice to vacate clause, complies with federal regulations and applicable state law.[2]

## II

Plaintiffs moved to certify this action as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. The court finds no compelling reason, however, why a class action would be superior to other available methods for the fair and efficient adjudication of this case. See Fed.R.Civ.P. 23(b)(3). The relief requested by the plaintiffs consists solely of injunctive and declaratory relief. In the event the court determines that the Housing Authority must alter its notice procedure to comply with federal and state law, such a determination will alter the procedure for all tenants. Thus, certification of a class is inappropriate. See Gray v. Inter-

---

1. These notices were similar in content to the notice received by Shirley Staten and described above.

2. Defendant concedes that a separate notice to vacate must be issued once the tenant requests a grievance hearing. See 24 C.F.R. § 866.58 (1978).

*national Brotherhood of Electrical Workers,* 73 F.R.D. 638 (D.D.C.1977).

## III

The Housing Authority of the City of Pittsburgh is a public corporation created under the Pennsylvania Housing Authority Law, May 28, 1937, P.L. 955 § 1 *et seq.,* 35 P.S. § 1541 *et seq.* and in accordance with the United States Housing Act of 1937, 88 Stat. 653, 42 U.S.C. § 1437 *et seq.* The USHA, as amended, 42 U.S.C. §§ 1437 c and 1437 d (1974) grants authority to the Secretary of Housing and Urban Development to promulgate regulations to govern the management and operation of public housing agencies, such as defendant Housing Authority.

In 1975, the Secretary amended Title 24 of the Code of Federal Regulations to include Part 866 which outlines lease, lease termination, and grievance procedures.

The Housing Authority concedes that it must comply with 24 C.F.R. Part 866 (1978). It also concedes that it must comply with the Public Housing Occupancy Handbook (Handbook).[3] *See Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1968). The Handbook states that lease terminations "must conform to the provisions of 24 C.F.R. § 866.4(1) and to applicable state and local laws."[4]

The pertinent state law applicable to the eviction procedure employed by the Housing Authority is the Act of April 6, 1951, P.S. 69, art. V, § 501, 68 P.S. § 250.501. 68 P.S. § 250.501, entitled "Notice to quit," requires the landlord to notify the tenant to remove from the premises within a statutorily prescribed time.

## IV

█ The procedure for lease termination used by a public housing association must meet certain constitutional requirements as set forth in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1969). Al-

though the issue in *Goldberg* was termination of welfare benefits, the procedure outlined by the court as being constitutionally mandated has been applied to the termination of a tenant's lease by a federally funded state housing association. *Caulder v. Durham Housing Authority,* 433 F.2d 998 (4th Cir. 1970); *Escalera v. New York City Housing Authority,* 425 F.2d 853 (2nd Cir. 1970); *McMichael v. Chester Housing Authority,* 325 F.Supp. 147 (E.D.Pa.1971).

Referring to the *Goldberg* opinion, the court in *Caulder* stated that a determination to evict a public housing tenant must be preceded by:

"(1) timely and adequate notice detailing the reasons for a *proposed* termination, (2) an opportunity on the part of the tenant to confront and cross-examine adverse witnesses, (3) the right of a tenant to be represented by counsel, provided by him to delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination and generally to safeguard his interests, (4) a decision based on evidence adduced at the hearing, in which the reasons for decision and the evidence relied on are set forth, and (5) an impartial decisionmaker."

*Caulder, supra,* at 1004 (emphasis added). The court cautioned, however, that the right to procedural due process cannot be translated into a concrete set of invariables and must bend in some instances to a compelling governmental need for summary adjudication. *Id.* at 1004, n.3.

## V

█ The Housing Authority has attempted to combine the notice of proposed termination with notice to vacate the premises. Entitled "INTENT TO EVICT" the terms of this initial notice are contradictory. Although the paragraph addressing grievance procedures speaks of "the Authority's *proposed* action to terminate the lease" (emphasis supplied), a prior paragraph orders the tenant to vacate the premises within 15

---

**3.** Housing Assistance Administration, HUD, Public Housing Occupancy Handbook.

**4.** *Id.,* § 4–16, at 4–8 (October 1978).

days as if the determination to evict had already been made. The regulations do not permit a final determination until time has been given for a hearing.

Defendant's combined notice does not comply with 24 C.F.R. § 866.4(1) (1978). 24 C.F.R. § 866.4(1) states that the Authority "shall give written notice of termination of the lease of . . . 14 days in the case of failure to pay rent." This section also provides that the notice "must contain reasons for the termination and inform the tenant of his right to reply or request a grievance hearing."

Thus, Section 866.4(1) addresses the procedural due process requirement that an initial notice must advise the tenant of a *proposed* termination. The determination to evict may not become final until the tenant has had an effective opportunity to present his grievances at a hearing. *McMichael, supra,* at 149; *see Goldberg, supra,* at 267–68. This initial notice, therefore, must adhere to the requirements of 24 C.F.R. § 866.4(1) and must be couched in language conveying the proposed nature of the lease termination. During the 14 days the tenant has an opportunity to dispute the Housing Authority's action. If the tenant fails to present any grievance, either orally or in writing, to the Housing Authority within said period, the determination to evict becomes final, or if the tenant loses the grievance, the determination becomes final.

After the determination becomes final, the Authority must bring its eviction proceedings according to the constraints of state law.[5] 68 P.S. § 250.501 states that a notice to quit must be issued to the tenant before eviction proceedings may be adjudicated.[6] Consequently, a second notice must be delivered to the tenant demanding that the tenant quit the premises within the statutorily prescribed time period.

In order to comply with HUD regulations, we conclude that the Housing Authority must establish a two notice system for evicting tenants for non-payment of rent. This system should be applied to the plaintiffs and all tenants still residing in the Authority's housing. An appropriate order will therefore be entered in the form of a declaratory judgment and permanent injunction.

An appropriate order follows.

## ORDER

AND NOW, April 30, 1979, the court orders as follows:

### I

Plaintiffs' Motion for Class Certification is hereby denied.

### II

The Housing Authority of the City of Pittsburgh is enjoined from commencing, prosecuting or enforcing from this date forward any state eviction proceedings against plaintiffs and the other tenants of the Authority until the Authority complies with the requirements of 24 C.F.R. Part 866 (1978) and the Act of April 6, 1951, P.L. 69, art. V, § 501, 68 P.S. § 250.501 as hereinafter provided.

### III

The present policy of the Authority violates 24 C.F.R. § 866.4(1) and 68 P.S. § 250.501 because:

A. Separate notice of proposed termination is not provided the tenant in accordance with 24 C.F.R. § 866.4(1) so that the tenant may have an effective opportunity to dispute the Authority's actions before a notice to quit is given.

B. The notice to quit required under Pennsylvania law is not separate and distinct from the notice of proposed termination.

C. The notice to quit is given to a tenant prior to the 14 day period during which a tenant may request a hearing.

---

5. Handbook, supra, § 4 16 at 4 8 (October 1978).

6. 24 C.F.R. § 866.58 also recognizes the necessity of delivering a separate notice to vacate.

IV

The Authority shall institute a two notice system in compliance with 24 C.F.R. Part 866.