Mr. and Mrs. Charles **FERGUSON** et al., Plaintiffs,

v.

**HOUSING AUTHORITY OF MIDDLESBORO** et al., Defendants.

Civ. A. No. 79–241.

United States District Court,
E. D. Kentucky,
London Division.

Sept. 26, 1980.

---

Warren Keller, John McFerrin, Appalachian Research & Defense Fund of Kentucky, Inc., Barbourville, Ky., for plaintiffs.

Robert J. Watson, Middlesboro, Ky., for defendants.

## MEMORANDUM

SILER, District Judge.

This matter is now pending before the Court on the motion by the plaintiff for a temporary restraining order and a preliminary injunction and to certify this ·matter as a class action. It is also pending on the motions by the defendant to dismiss and for summary judgment.

The individual plaintiffs are tenants in the public housing project of the defendant, Housing Authority of Middlesboro (hereinafter "Housing Authority"). They also seek to represent the class of all present and future tenants in federally assisted public housing operated by the defendant. The Housing Authority is an agency fund-·ed, at least in part, under the U. S. Housing Act of 1937, 42 U.S.C. § 1437 et seq. For purposes of this Memorandum, it is deemed to be a type of state or local governmental authority acting under color of law. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(3). Besides requesting injunctive relief, plaintiffs have requested declaratory relief, pursuant to 28 U.S.C. §§ 2201–2202, and claim that they have been deprived of rights secured by the Constitution and laws of the United States, under 42 U.S.C. § 1983.

■ First, on the issue of certifying this as a class action, there is no reason why a class action would be "superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(b)(3), Federal Rules of Civil Procedure. These plaintiffs have not yet left the premises and, if the Court determines that the defendant Housing Authority must alter its procedure, no doubt the Housing Authority will follow this for all tenants to preclude other litigation here. Therefore, the request to maintain this as a class action will be denied. See *Staten v. Housing Authority of Pittsburgh*, 469 F.Supp. 1013 (W.D.Pa. 1979); *cf. Berlin Democratic Club v. Rumsfeld*, 410 F.Supp. 144 (D.D.C.1976) (analogous interpretation of Rule 23(b)(2)).

The next issue to be decided is whether the notice to vacate provided in this case violated due process of law under the Fourteenth Amendment to the Constitution or the rights of the plaintiff tenants under 42 U.S.C. § 1437, *et seq.*, and the regulations promulgated thereunder, primarily 24 CFR § 866.4(1).

**336**

■ The facts, which are basically undisputed, are that plaintiff Charles Ferguson was convicted in a local court in Bell County, Kentucky, for the misdemeanor of trafficking in alcoholic beverages in local option territory at the premises in the housing project in question in this case. Thereafter, on August 8, 1979, the Housing Authority sent a notice to vacate the premises to Ferguson and his wife, as follows:

In accordance with the terms of your Lease Agreement, this is your official Notice to Vacate the apartment you now occupy, 412 Rennie Gayles Homes, on or before 30 days from the date of this notice.

This notice is given for the following reasons:

Violation of Paragraph 6.j., which states the tenant agrees: To refrain from illegal or other activity which impairs the physical or social environment of the project.

You have the right to reply, to request a hearing in accordance with the Authority's Grievance Procedure, the right to examine any documentation of the reasons stated above, to be represented by counsel of your own choosing, to confront any accusers and the right to cross-examine any adverse witnesses.

Previously, on August 1, 1979, the Housing Authority gave notice to vacate the premises to plaintiffs, Mr. and Mrs. Harold Brooks. It read as follows:

This is your Official Notice to Vacate the apratment (sic) you now occupy, 109 Lincoln Homes, Middlesboro, Kentucky on or before 30 days from the date of this notice.

This notice is given for the following reasons:

Recent inspections of your apartments have shown you to be in violation of the following sections of your lease agreement:

Paragraph 6.D. which states the tenant agrees: To keep the premises and such other areas as may be assigned to him for his exclusive use in a clean and safe condition.

Paragraph 6.E. which states the tenant agrees: To dispose of all ashes, garbage, rubbish, and other waste from the premises in a sanitary and safe manner.

Paragraph 6.G. which states the tenant agrees: To refrain from and to cause his household and guests to refrain from destroying, defacing, damaging, or removing any part of the premises or project.

Paragraph 6.I. which states the tenant agrees: To conduct himself and cause other persons who are on the premises with his consent to conduct themselves in a manner which will not disturb his neighbors' peaceful enjoyment of thier (sic) accommodations and will be conductive (sic) to maintaining the project in a decent, safe and sanitary condition.

Paragraph 6.J. which state (sic) the tenant agrees: To refrain, from illegal or other activity which impairs the physical or social environment of the project.

You are further notified that you have the right to reply, to request a hearing in accordance with the authority's Greivance (sic) Procedure, the right to examine any documentation of the reasons stated above, to be represented by counsel of your own choosing, to confront any accusers and to cross-examine any adverse witnesses.

Plaintiffs do not contest the fact that they received the notices and knew of the right to a hearing, but they say that they were entitled to two notices, one for a notice of a *proposed* termination of the lease and the second being a notice to vacate the premises, as required under *Staten v. Housing Authority of Pittsburgh, supra.* They also do not contest the fact that the Housing Authority had valid reasons for terminating the lease.

Although a reading of *Staten* shows that it fits the factual situation here, nevertheless, this Court rejects its holding that a two-step notice is necessary under these facts. *Caulder v. Durham Housing Authority,* 433 F.2d 998, 1004 (4th Cir. 1970), held that the case of *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), required, *inter alia,* "timely and adequate

notice detailing the reasons for a proposed termination," plus a hearing with certain rights, including the right to counsel and the right to confront witnesses. That is met here, as the notice clearly advised the tenants of the right to a hearing and corollary rights at the hearing. Plaintiffs here make no issue of the fairness of the hearing procedure, as it obviously met the requirements of 24 CFR § 866.58:

> If a tenant has requested a hearing in accordance with § 866.55 on a complaint involving a PHA notice of termination of the tenancy and the hearing officer or hearing panel upholds the PHA's action to terminate the tenancy, the PHA shall not commence an eviction action in a State or local court until it has served a notice to vacate on the tenant, and in no event shall the notice to vacate be issued prior to the decision of the hearing officer or the hearing panel having been mailed or delivered to the complainant. Such notice to vacate must be in writing and specify that if a tenant fails to quit the premises within the applicable statutory period, or on the termination date stated in the notice of termination, whichever is later, appropriate action will be brought against him and he may be required to pay court costs and attorney fees. [Emphasis added.]

But plaintiffs, aware of the right to a hearing, did not avail themselves of it. Had they requested one, no doubt the Housing Authority would have had to hold the hearing and then, if the hearing officer had upheld the action by the Housing Authority, it would have been necessary to send out a new notice to vacate, as required by 24 CFR § 866.58.

On the other hand, where the tenant does not request a hearing, then the notice to vacate is not issued *before* the decision of the hearing officer, as there is no hearing. The plaintiffs apparently were satisfied of the reasons for the notice to vacate and were not going to contest them. Therefore, the notice to vacate here, although made in one letter, served the two–fold purpose. If the tenant asked for the hearing, then a second notice would be required, but it is a useless gesture to issue it under the circumstances. One should look at this situation with common sense. Perhaps the notice to vacate could have been more specific by advising the tenant that had he asked for a hearing, another notice would have been sent out after the decision of the hearing officer, but it does not appear to violate the legal or constitutional rights of the plaintiff by having failed to notify him of that. Under those circumstances, it would seem that if the plaintiff had asked for a hearing, he would have been doing it to delay the eviction procedure.

This notice to vacate also served the purpose of providing the notice to the tenant to vacate under Kentucky law, prior to instituting a forcible detainer action, pursuant to KRS 383.200, et seq. See *Pack v. Feuchtenberger,* 232 Ky. 267, 22 S.W.2d 914 (1930). This is conceded by the plaintiffs in their memorandum.

If this procedure by the Housing Authority looks as if it were set up to get the tenants out in a hurry, it did not turn out that way in this case. After these notices were sent to the tenants in August, the actions for writs of forcible detainer were not filed in the local court until October 4, 1979, more than two months after the notice to vacate were sent to Mr. and Mrs. Brooks and almost two months after the notice was sent to Mr. and Mrs. Ferguson. Moreover, even though this Court did not grant temporary injunctive relief, the Housing Authority voluntarily agreed not to pursue the eviction procedure in state court until after this decision, so the tenants have been allowed to stay on for more than nine months after the notices were first served.

■ Thus, the plaintiffs have shown no likelihood of success on the merits, which is a prerequisite for injunctive relief. See *Mason Co. Medical Ass'n v. Knebel,* 563 F.2d 256 (6th Cir. 1977). In addition, as there appear to be no factual disputes of material matters on the record, the Housing Authority is probably entitled to a summary judgment, under Rule 56, Federal Rules

338

of Civil Procedure. However, as the Court has not put the plaintiffs on time to respond to the motion for summary judgment, they will be granted time to demonstrate if there are any material facts in dispute which would require a further trial or hearing. Otherwise, summary judgment would be granted for the defendants. The motions to dismiss are not well taken, because this Court does have jurisdiction over the subject matter herein. The motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, will be treated as one for summary judgment and disposed of after the plaintiffs have had an opportunity to file their response.