**OKLAHOMA CITY HOUSING AUTHORITY, Appellee,**

v.

**Angel JEFFERS, Appellant.**

No. 74074.

Supreme Court of Oklahoma.

May 25, 1993.

Preston E. Hatfield, Gary A. Taylor, Legal Aid of Western Oklahoma, Inc., Oklahoma City, for appellant.

Richard A. Resetaritz, Daugherty, Bradford, Fowler & Moss, R. Steven Haught, Oklahoma City, for appellee.

SIMMS, Justice:

Angel Jeffers, appellant and defendant below, appeals from the district court's denial of her "Motion for New Trial and/or Motion to Vacate Default Judgment." Jeffers had previously failed to appear for a hearing on the petition for a forcible entry and detainer filed by appellee, Oklahoma City Housing Authority (Housing Authority), and the district court entered default judgment in Housing Authority's favor.

■ The Court of Appeals agreed with Jeffers' claims that she did not get proper notice of the proceedings. Certiorari was granted to consider the first impression issue of whether a federally-subsidized housing facility may combine a federally-mandated fourteen (14) day notice of lease termination with a five (5) day notice to surrender possession for nonpayment of rent required under Oklahoma law.

We find that the two notices may be given together and run concurrently where, as here, the tenant fails to request a grievance hearing allowed under the federal law. The opinion of the Court of Appeals is vacated, and the judgment of the district court is affirmed. The facts, which follow, are, for the most part, undisputed.

Housing Authority is the administrator of a federally subsidized low income housing project, and Jeffers is a tenant. The parties entered into an agreement calling

for Jeffers to pay rent in the amount of $13.00 per month. When she fell behind in her rent, Housing Authority sent a notice of past due rent, giving her twenty days to pay the amount past due, $18.24, or to surrender possession. The notice also informed Jeffers that she had the right to request a hearing on the matter and that her request must be made "not later than the expiration date of this notice." The record contains no evidence that Jeffers requested a grievance hearing. Thirteen days after the fourteen day period expired, Housing Authority filed a forcible entry and detainer action in the district court. Jeffers was personally served, but failed to appear at the hearing. The district court granted default judgment to Housing Authority.

One week later, Jeffers filed a Motion for New Trial and/or Motion to Vacate Default Judgment, and thereafter, she filed a counterclaim seeking damages which allegedly resulted from flooding and sewer drainage problems. After a hearing, the district court dismissed the counterclaim and denied Jeffers' motions.[1]

■ There is no dispute as to the applicability of certain notice statutes, namely the federal statute, 42 U.S.C. § 1437d, the regulations promulgated pursuant to § 1437d by the U.S. Department of Housing and Urban Development found at 24 C.F.R. § 966.4(*l*)(2)(i) (1991), and 41 O.S.1981, § 131. Section 1437d(*l*) provides for all leases entered into by housing facilities governed by the U.S. Department of Housing and Urban Development (HUD) to contain conditions requiring the housing facility to give fourteen (14) days written notice of termination of lease for nonpayment of rent. At the time of the eviction notice, 24 C.F.R. § 966.4 enumerated the requirements of all lease agreements offered by public housing agencies federally subsidized under the U.S. Housing Act of 1937. Housing Authority is governed by these

---

**1.** Although Jeffers asserted error by the trial court in dismissing her counterclaim in her Petition in Error, no argument is made in Jeffers Brief–in–Chief. Therefore, we need not address this issue. The only question before us is

whether the trial court erred in refusing to vacate the default judgment because Jeffers abandoned her motion for new trial when the motions came on for hearing.

requirements. Subsection (*l*) of § 966.4 required the lease to set forth the procedure and notice periods for termination of the lease, reading, in pertinent part, as follows:

"(2) That the [public housing agency] shall give written notice of termination of the lease of:

(i) 14 days in the case of failure to pay rent;"

The parties agree that this § 966.4 notice was given. However, Jeffers asserts the notice required by 41 O.S.1981, § 131 of the Oklahoma Residential Landlord and Tenant Act was not given. Section 131 provides:

"A. If rent is unpaid when due, the landlord may bring an action for recovery of the rent at any time thereafter.

B. A landlord may terminate a rental agreement for failure to pay rent when due, if the tenant fails to pay the rent within five (5) days after written notice of landlord's demand for payment.

C. Demand for past due rent is deemed a demand for possession of the premises and no further notice to quit possession need be given by the landlord to the tenant for any purpose."

■ As subsection C indicates, the demand for past due rent which was given in the notice sent to Jeffers is "deemed a demand for possession of the premises," and under the authority of this statute, Housing Authority was not required to give any further notice to quit in order to comply with Oklahoma law. Hence, Jeffers is incorrect in stating that § 131 notice was not given. All the requirements of § 131 were met by the notice sent by Housing Authority. The only question is whether such § 131 notice must be given separately from the notice required under the federal regulations.

The Court of Appeals determined under *Staten v. Housing Auth. of the City of Pittsburgh,* 469 F.Supp. 1013 (W.D.Pa. 1979), that Housing Authority was obliged to give both the fourteen-day notice required by 24 C.F.R. § 966.4(*l*) and the five-day notice required under § 131 and that the two notices were to run *consecutively.* Since only one notice was given, the Court of Appeals concluded the default judgment was based upon an inadequate eviction notice. The Court of Appeals ultimately held the district court abused its discretion in failing to vacate the default judgment once the inadequacy of notice came to the court's attention.

*Staten* was a civil rights action which involved tenants who received an "INTENT TO EVICT" notice requiring them to pay their past due rent or vacate the premises within 15 days. It further notified them of their right to contest the proposed action by requesting a grievance hearing. No hearing was requested. The housing authority instituted state court eviction proceedings and obtained a judgment for possession of the premises. The parties settled the controversy and tenant was allowed to stay. A couple of months later, the same scenario occurred again. Tenants filed the civil rights action against the housing authority and the federal court enjoined the state eviction proceeding until the civil rights action was concluded.

The *Staten* court noted that the housing authority attempted to combine the notice of *proposed* termination mandated by the federal regulations now found at 24 C.F.R. § 966.4, with a notice to vacate authorized by state landlord and tenant law. The state statute which required a "notice to quit" contained strict compliance terms, including notifying the tenant that he has fifteen (15) days to vacate the premises. The court deemed the combined notice contradictory in its terms in that one paragraph informed the tenants of their rights to contest the housing authority's *proposed* action to terminate the lease while another orders the tenant to vacate the premises within 15 days "as if the determination to evict had already been made." 469 F.Supp. at 1016. The court concluded that under the federal regulations, the housing authority must give the tenant written notice of proposed termination and wait for 14 days to allow tenant the opportunity to contest the proposed termination. After the 14 day period expires, the determination to evict becomes final. The housing authority must then give a second notice pursuant to the state statute demanding that the tenant

vacate the premises within the statutorily prescribed time period.

Housing Authority contends *Staten* is not applicable, but rather, *Ferguson v. Housing Auth. of Middlesboro,* 499 F.Supp. 334 (E.D.Ky.1980), provides the proper rule of law on notice. We agree. Although *Ferguson* also was a civil rights action based on relatively similar facts to *Staten,* the court in *Ferguson* held that one notice was enough. In *Ferguson,* the tenants received Notice to Vacate their apartment within 30 days for violating the lease agreement. The notice further informed the tenants of their right to a grievance hearing. They, like the tenants in *Staten,* failed to request a hearing, but later filed a civil rights action claiming they were entitled to two notices as set forth in *Staten.* The court acknowledged that factually the two cases were very similar but rejected the holding of *Staten* because the tenants chose not to avail themselves of the right to a hearing. The court stated:

"Had they requested [a hearing], no doubt the Housing Authority would have had to hold the hearing and then, if the hearing officer had upheld the action by the Housing Authority, it would have been necessary to send out a new notice to vacate, ...

On the other hand, where the tenant does not request a hearing, then the notice to vacate is not issued *before* the decision of the hearing officer, as there is no hearing. The plaintiffs apparently were satisfied of the reasons for the notice to vacate and were not going to contest them. Therefore, the notice to vacate here, although made in one letter, served the two-fold purpose. If the tenant asked for the hearing, then a second notice would be required, but it is a useless gesture to issue it under the circumstances." 499 F.Supp. at 337 (Emphasis in original).

*Ferguson* offers the better rule and rationale in cases where the tenants fail to request a hearing on the matter. In fact, the U.S. Department of Housing and Urban Development (HUD) recognized that the better rule is to allow concurrent running of both notices.

In early 1991, HUD issued proposed amendments to 24 C.F.R. § 966.4 and other regulations. *See* 56 Fed.Reg. 6248 (February 14, 1991). In noting the rule laid down in *Staten,* the proposed rule states:

"Federal statutory law does not prescribe the relationship between a Federal lease termination notice, and any notice to vacate required by a State landlord-tenant law. However, a Federal court (*Staten v. Housing Authority of Pittsburgh, et al,* 469 F.Supp. 1013 (W.D.Penn., 1979)) has held that where the PHA [a commonly used acronym for "public housing agency"] is required to give the opportunity for a grievance hearing, the current lease grievance rule does not permit issuance of the State-law notice to vacate until expiration of the Federal lease termination notice period and of the tenant's opportunity to grieve.

The revision proposed in this rulemaking would make clear that the State notice may be issued immediately if the tenant is not entitled to a PHA grievance hearing, or as soon as the opportunity to grieve has been satisfied. *The State and Federal notice periods may run concurrently where service of the State notice does not prejudice the right to an administrative grievance hearing when required by Federal law.* ... [If] the tenant has not timely requested a grievance hearing on the PHA termination notice, then the PHA may serve the State termination notice (which may run together with any time remaining on the Federal notice of lease termination).

*A requirement for a two notice system, where the Federal and State notices run consecutively, distorts the respective purposes of the Federal and State notice requirements.* For example, Federal law requires fourteen days notice of lease termination for non-payment of rent—reflecting the Congressional judgment that two weeks is reasonable notice of lease termination for non-payment of rent. State law may also provide a two week notice to vacate, presumably reflecting a similar legisla-

tive judgment. However, consecutive running of the State and Federal notice periods would result in a full four weeks' notice to the tenant—twice the length of notice contemplated under either statutory scheme." 56 Fed.Reg. at 6251 (Emphasis added).

After hearing comments upon the proposed amendments to the rule, HUD promulgated the final rule later that year. *See* 56 Fed.Reg. 51,560 (October 11, 1991). The final rule went further in removing the double-notice rule than the initial proposed rule. This is so because HUD concluded:

"HUD is persuaded that a mandate to hold the State law notice pending completion of the Federal grievance right is unnecessary to protect any tenant right or interest under Federal law or policy, that such double notice may be confusing to the tenant and the courts, and that requiring PHAs to give double notice requirement is an unnecessary burden and expense for PHAs. HUD has therefore eliminated this double-notice requirement contained in the proposed rule." 56 Fed.Reg. at 51,565.

The final rule with an effective date of November 12, 1991, is found at 24 C.F.R. § 966.4(*l*)(3) (April 1, 1992) and provides:

"(3) *Lease termination notice.* (i) The PHA shall give written notice of lease termination of:

(A) 14 days in the case of failure to pay rent;"

\*    \*    \*    \*    \*    \*

"(iii) A notice to vacate which is required by State or local law may be combined with, or run concurrently with, a notice of lease termination under paragraph (*l*)(3)(i) of this section."

■ Therefore, the double-notice which Jeffers claims she is entitled to has been expressly rejected by the Federal agency which oversees Housing Authority. We recognize that the new rule was not in effect at the time that Jeffers received notice in this case. However, *Ferguson* provides the more correct rule as to the relation between federally-mandated notice of lease termination and state-required notice to vacate, especially in light of the new

revisions. Hence, by holding that double-notice was not required in Jeffers' case, we are not applying the new rule retroactively. Rather, we hold that because Jeffers failed to request a grievance hearing pursuant to the fourteen (14) day notice she received, under *Ferguson*, she was not entitled to receive another five (5) day notice to vacate under 41 O.S. 1981, § 131. Both notice requirements were combined in the one written notice that Jeffers received.

■ In holding that *Ferguson* guides our decision in this case, we also note that the combined notice which Jeffers received is not confusing as to her rights. It clearly states that she has until a certain date to pay $18.24 or surrender possession of the apartment. The notice further spells out that she may request a grievance hearing to protest the proceedings. The grievance procedure is available to her in the office of the Housing Authority for her to read. Finally, the notice makes clear that she has until the expiration date of the notice to request the hearing. The notice is reasonably clear as to Jeffers' rights and responsibilities, and it covers all the requirements of both the federal regulation and the Oklahoma statute.

Therefore, the notice was sufficient under the applicable law, and we find no error in the trial court's refusal to vacate the default judgment entered against Jeffers. No abuse of discretion by the trial court has been shown by Jeffers. Therefore, we will not reverse the default judgment. *Schepp v. Hess*, 770 P.2d 34 (Okla.1989).

For the above and foregoing reasons, the Court of Appeals opinion is VACATED, and the judgment of the district court is AFFIRMED.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, OPALA, ALMA WILSON, KAUGER, and WATT, JJ., concur.

SUMMERS, J., concurs in part, dissents in part.