Reversed and Rendered and Opinion filed August 31, 2006








Reversed and
Rendered and Opinion filed
August 31, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01051-CV

____________

 

KIMBERLY KENNEDY, Appellant

 

V.

 

ANDOVER PLACE APARTMENTS, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 832,767

 



 

O P I N I O N

This is an appeal in a forcible detainer action in which
the trial court determined that appellee Andover Place Apartments (AAndover@) was entitled to
possession of the apartment leased by appellant Kimberly Kennedy.  In four
issues, Kennedy claims the trial court=s judgment was in
error because (1) Andover did not comply with state and federal law in
providing the required notices to terminate her tenancy and (2) the trial court
impermissibly relied on incidents of misconduct prior to the lease date in
determining she breached her lease.  Because we determine Andover did not
comply with Texas law in evicting Kennedy, we reverse.








                                                  Background

Andover operates a
federally-subsidized multi-family housing project under the auspices of the
Department of Housing and Urban Development (AHUD@), and Kennedy
lived in an apartment there and received federal rent subsidies.  On February
18, 2004, Kennedy and Andover executed a one-year written lease, ending March
31, 2005.  After sending several notices of lease violations, on October 25,
2004, Andover sent Kennedy a ANotice of Termination and Intent to Evict.@  In this letter,
Andover listed several grounds to support its intention to terminate Kennedy=s tenancy and
notified Kennedy that she had ten days to discuss this termination with the
landlord and thirty days to vacate the premises.  When Kennedy failed to
vacate, Andover brought this forcible detainer action on December 21, 2004. 
The trial court determined that Kennedy had violated her lease, that Andover
had properly terminated her tenancy, and that Andover was entitled to possession
of the premises. 

                                                       Analysis

                                                      Jurisdiction

Though Andover
does not contest it, we have a duty to examine our own jurisdiction.  See
George v. Phillips Petroleum Co., 976 S.W.2d 363, 364 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  We do so in light of the supreme court=s recent decision
in Marshall v. Housing Authority of San Antonio, No. 04-0147, __ S.W.3d
__, 2006 WL 508635 (Tex. Mar. 3, 2006).  As in this case, Marshall
involved a forcible detainer action by a landlord to evict a tenant in a
rent-subsidized federal housing assistance program.  Id. at *1.  The
court dismissed the case as moot because the tenant no longer lived in the
apartment and, since her lease had expired, she had no basis for claiming a
current right to possession of the apartment.  Id. at *3.








Although Kennedy=s lease expired on
March 31, 2005, the lease provides that it Awill continue for
successive terms of one month each unless automatically terminated as permitted
by paragraph 23.@  Paragraph 23 allows a landlord to
terminate the lease for various reasons constituting good cause; a landlord may
not terminate HUD-subsidized housing solely because the term of the lease has
expired.  See 911 Glen Oak Apartments v. Wallace, 88 S.W.3d 281, 285
(Tex. App.CCorpus Christi 2002, no pet.) (A[W]hen deciding
whether a landlord may terminate a lease involving federally subsidized housing
as in this case, landlords may not refuse to renew a lease solely because the
term has expired.@); Newhouse v. Settegast Heights
Village Apartments, 717 S.W.2d 131, 134 (Tex. App.CHouston [14th
Dist.] 1986, no writ) (AHUD materials also make it clear that
landlords may not refuse to renew a lease solely because the term has expired.@).  Andover
neither argues nor presents evidence of any good cause for terminating Kennedy=s lease arising
after this forcible detainer was filed.  Thus, although the initial term of
Kennedy=s lease expired
during the pendency of this action, unlike in Marshall, Kennedy has
asserted a basis for claiming a current right to possession after the date the
lease expired based on its automatic renewal provision.  Thus, we determine
this action is not moot.

                                                  Forcible
Detainer

Under Texas Property Code section 24.002, a tenant commits
a forcible detainer by refusing to surrender possession of real property after
the landlord has lawfully terminated the tenant=s right to
possession.  See Tex. Prop. Code
Ann. ' 24.002(a) (Vernon 2000).  Section 24.002 also
provides that a landlord must make a written demand for possession and  comply
with section 24.005=s requirements for a notice to vacate.  Id.
' 24.002(b). 
Because forcible detainer is a statutory cause of action, a landlord must
strictly comply with its requirements.  See Perkins v. Group Life &
Health Ins. Co., 49 S.W.3d 503, 506 (Tex. App.CAustin 2001, pet.
denied) (noting that because relevant cause of action derives from statute, not
common law, Athe >statutory provisions are mandatory
and exclusive and must be complied with in all respects=@ (quoting Employees
Ret. Sys. of Tex. v. Blount, 709 S.W.2d 646, 647 (Tex. 1986))).








In her second issue, Kennedy argues that Andover was not
entitled to prevail in its forcible detainer action because Andover failed to
comply with section 24.005 and thus did not lawfully terminate her tenancy.  We
agree.  Section 24.005 states:  AIf the lease or
applicable law requires the landlord to give a tenant an opportunity to respond
to a notice of proposed eviction, a notice to vacate may not be given
until the period provided for the tenant to respond to the eviction notice has
expired.@  Tex. Prop. Code Ann. ' 24.005(e) (Vernon
2000) (emphasis added); see also Tex.
Gov=t Code Ann. ' 311.016(5) (Vernon 2005) (providing that
unless the context Anecessarily requires@ a different
construction, A>[m]ay not= imposes a
prohibition and is synonymous with >shall not=@).  Under this
plain language, when the lease requires an opportunity to respond to a proposed
eviction and section 24.005 thus applies, the landlord must provide a separate,
later notice to vacate.  See Tex.
Prop. Code Ann. ' 24.005(e); Santos v. City of Eagle
Pass, 727 S.W.2d 126, 129 (Tex. App.CSan Antonio 1987,
no writ) (interpreting prior statute and noting it Arequires the
landlord to delay sending a notice to vacate if the lease or applicable law
requires him to give the tenant the opportunity to respond to a notice of
proposed eviction@).  Kennedy=s lease requires
such an opportunity to respond, specifically stating that a termination notice
must Aadvise the Tenant
that he/she has 10 days within which to discuss the proposed termination of
tenancy with the Landlord.@  Accordingly, because Andover did not
provide a separate notice to vacate after ten days, it did not comply with
section 24.005 and thus did not lawfully terminate Kennedy=s tenancy.








Andover argues that its single notice was sufficient to
comply with section 24.005 based on language in the lease.  The lease states
that A[a]ny HUD-required
notice period may run concurrently with any notice period required by State and
local law.@  This language indicates that state and HUD notice
periods may run together as opposed to consecutively; it does not say that a
HUD notice can eliminate the state statutory requirement of providing a second,
later notice.  In other words, the HUD notice period may run concurrently with
the first state notice period, but section 24.005 still requires a second
notice.  Andover cites two non-Texas cases holding that, in those
circumstances, a later notice to vacate was not necessary.  See Ferguson v.
Hous. Auth. of Middlesboro, 499 F. Supp. 334, 336B37 (E.D. Ky.
1980); Okla. City Hous. Auth. v. Jeffers, 853 P.2d 1277, 1280B81 (Okla. 1993). 
However, those cases explicitly noted that, unlike here, the notices given
complied with state law.  See Ferguson, 499 F. Supp. at 337; Jeffers,
853 P.2d at 1281; see also Staten v. Hous. Auth. of Pittsburgh, 469 F.
Supp. 1013, 1016 (W.D. Penn. 1979) (finding second notice necessary to comply
with state law); Hous. Auth. of Everett v. Terry, 789 P.2d 745, 568 n.22
(Wash. 1990) (discussing two-notice cases and concluding that Aregardless of any
parallel or duplicate federal notice requirements, state notice . . . must be
given as prescribed by the relevant statute@).

Because Andover=s attempted
termination of Kennedy=s tenancy did not comply with section
24.005, Andover was not entitled to prevail in its forcible detainer action. 
We sustain Kennedy=s second issue, reverse the trial court=s judgment, and
render judgment in favor of Kennedy.  Because we sustain Kennedy=s second issue and
render judgment in her favor, we need not address her other three issues.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed August 31, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.