**Valerio SANTOS, et al., Appellants,**

v.

**The CITY OF EAGLE PASS, Appellee.**

**No. 04–86–00336–CV.**

Court of Appeals of Texas,
San Antonio.

March 18, 1987.

W.T. Acklen, Eagle Pass, for appellants.

Ernest G. Mireles, Eagle Pass, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a judgment finding appellant Valerio Santos guilty of forcible detainer of real property owned by appellee, the City of Eagle Pass. The City brought two actions of forcible entry and detainer in the justice of the peace court. The two actions involved two different leases on two separate tracts of land which were adjacent to and contiguous to each other. Appellant prevailed in the justice of the peace court, and the City appealed to the county court where the two cases were consolidated.

Appellant was behind in his rental payments on each of the two tracts. The City gave him notice to quit the premises because he had forfeited his leases. Within several days after the notice, appellant delivered one check for both past due rentals. The check has never been cashed. The City again made demand for possession of the land, stating that the lease had been forfeited. The county court found for the City, holding that the leases were forfeited because the rent was not timely paid. Appellant filed a motion for new trial, which motion was overruled by operation of law.

Appellant brings two points of error on appeal. In his first point, appellant urges that the trial court erred in finding the leases had been forfeited because the leases contained no waiver of notice. Appellant contends that the City was required to give him notice that he was in default before the leases could be forfeited. He cites the case of *McVea v. Verkins*, 587 S.W.2d 526 (Tex.Civ.App.—Corpus Christi 1979, no writ) for the common law rule that "a landlord-lessor cannot terminate the written lease of his tenant-lessee for breach of a covenant in the lease without first making a demand upon the tenant for such performance. It is only where the lease contains an express waiver of demand that the common law rule can be disregarded." *Id.* at 531. Appellant argues that because no formal demand was made upon the tenant for the correction of his delinquency, and only a demand for

possession was made, the right of re-entry does not exist on behalf of the City.

Appellant next cites *Shepherd v. Sorrells,* 182 S.W.2d 1009 (Tex.Civ.App.—Eastland 1944, no writ) for the following proposition:

It is a well-settled rule of the common law that a landlord could not forfeit the lease of his tenant for failure to comply with the provisions without first making demand upon the tenant for such performance. There is no statute in this State changing this rule of the common law, and it not being inconsistent with the Constitution or laws of this state, it is in force as a rule of decision in this jurisdiction.... The common law rule is thus stated in Wood on Landlord and Tenant (2d Ed.) vol. 2, p. 1202:

'No ejectment can be maintained for nonpayment of rent unless there is some express condition or proviso in the lease or agreement giving the landlord a right to re-enter and determine the lease or tenancy for such nonpayment. The landlord must have a "right by law to re-enter for nonpayment thereof." Such condition or proviso may by express words dispense with the necessity of a formal demand of the rent; as where it says "although no formal demand shall have been made thereof," or to that effect.

'Unless there are express words in the lease or agreement dispensing with a formal demand of the rent, or the case falls within the above enactment, no entry or ejectment can be maintained for nonpayment of rent unless there has been a formal demand thereof made according to the strict rules of the common law. (1) The demand must be made by the landlord or by his agent duly authorized in that behalf. (2) It must be made on the very last day to save the forfeiture.... (3) It must be made a convenient time before and at sunset ... (4) It must be made at the proper place ... the place at which the rent is to be paid....'

*Id.* at 1011, *citing, Gray v. Vogelsang,* 236 S.W. 122, 126 (Tex.Civ.App.—Galveston 1921, no writ).

Appellant claims that breach of the lease provisions requiring annual payment of rent one year in advance did not constitute a forfeiture of his rights under the contracts because there was no provision in either lease agreement permitting such forfeiture. He alleges that express words dispensing with formal demand of the rent are necessary to circumvent the common law requirement. The provision in each lease reads as follows:

Provided, always, and these presents are upon this condition, that if lessee ... shall fail to pay the rent as hereinabove provided, ... lessor lawfully may immediately or at any time thereafter and whilst such neglect or default continues, enter into and upon the said premises or any part thereof in the name of the whole and repossess the same as of its former estate, ... without prejudice to any remedies which might otherwise be used for possession or for arrears of rent, and that upon entry as aforesaid the right .of lessee in this lease shall cease and be ended; ...

The leases clearly provide for immediate entry by the City upon the subject property for failure to pay rent and clearly provide that the rights of the tenant will immediately cease upon such entry. We are of the opinion that resort to common law rules is not necessary when the parties expressly provide for entry, repossession and termination of the lessee's rights. We further find that appellee complied with the requirements of the forcible entry and detainer statutes. *See* TEX.PROP.CODE ANN. §§ 24.001–24.008 (Vernon 1984 & Vernon Supp.1987).

This statutory scheme does not require demand for payment prior to notice to vacate unless the lease or applicable law requires the landlord to give the tenant an opportunity to respond to a notice of proposed eviction. TEX.PROP.CODE ANN. § 24.005(b) (Vernon Supp.1987). The lease clearly does not do so. Although it is arguable that "applicable law" refers to the common law principle set forth in *Shepherd,* we do not think that this was the intention of the legislature. If the legisla-

ture had intended to give a defaulting tenant the right to cure by performance, it could have done so easily. The statute could have been drafted to impose upon all landlords the obligation to make demand upon the tenant for performance prior to terminating the lease.

The language of § 24.005(b), requires the landlord to delay sending a notice to vacate if the lease or applicable law requires him to give the tenant the opportunity to respond to a notice of proposed eviction. This language indicates that the length of the delay is determined by "the period provided for the tenant to respond to the eviction notice." We are not aware of any provision in the common law that sets forth a period for response by the tenant. The language of the statute is not couched in terms appropriate to lead to the conclusion that the common law rule urged by appellant is an integral part thereof.

We are furthermore of the opinion that the *McVea* case, *supra,* is inapposite. That case involved an action by a lessee against a lessor for conversion of cattle which were located upon the leased premises. The lessor did not use the statutory remedy of forcible entry and detainer, therefore, the court looked to common law requirements for exercising the right of re-entry.

Nor are we persuaded by appellant's reliance on *Shepherd v. Sorrells, supra.* In that case the lessee defaulted temporarily in the payment of an annual rent, however, he later paid the rent to lessors prior to any demand for the rent or notice of forfeiture by the lessors, who accepted the rent under the terms of the lease. It was the unequivocal acceptance by the lessors of all rents in arrears which caused the court to find that there had been no forfeiture of the lease. Furthermore, the lease itself implied that cancellation and re-entry of the premises could be made only if prior demand had been made. *Shepherd,* 182 S.W.2d at 1012. These facts are not present in the case before us. Point of error one is overruled.

■ In his second point of error, appellant urges that the City was estopped from refusing a late payment from him because the uncontradicted evidence presented at trial was that the City had over the years accepted late payments from him without protest. The record before us does not support appellant's contention. The Tax Collector of the City of Eagle Pass testified regarding the timeliness of rental payments made for the years 1977 through 1983. Only the 1977 rental payment was late, the other payments were either timely or early. Santos testified that the City accepted payments whenever he made them. He presented no records or testimony which indicated that prior to 1977 the City had habitually accepted late payments. The evidence presented fails to establish a pattern of accepting late payments which would estop the City from complaining now. Point of error two is overruled.

The judgment is affirmed.