**Kimberly KENNEDY, Appellant**

v.

**ANDOVER PLACE APARTMENTS, Appellee.**

No. 14–05–01051–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 2006.

Mark J. Grandich, Houston, for appellants.

Theodore R. Andrews, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

This is an appeal in a forcible detainer action in which the trial court determined that appellee Andover Place Apartments ("Andover") was entitled to possession of the apartment leased by appellant Kimberly Kennedy. In four issues, Kennedy claims the trial court's judgment was in error because (1) Andover did not comply with state and federal law in providing the required notices to terminate her tenancy and (2) the trial court impermissibly relied on incidents of misconduct prior to the lease date in determining she breached her lease. Because we determine Andover did not comply with Texas law in evicting Kennedy, we reverse.

## BACKGROUND

Andover operates a federally-subsidized multi-family housing project under the auspices of the Department of Housing and Urban Development ("HUD"), and Kennedy lived in an apartment there and received federal rent subsidies. On February 18, 2004, Kennedy and Andover executed a one-year written lease, ending March 31, 2005. After sending several notices of lease violations, on October 25, 2004, Andover sent Kennedy a "Notice of Termination and Intent to Evict." In this letter, Andover listed several grounds to support its intention to terminate Kenne-

dy's tenancy and notified Kennedy that she had ten days to discuss this termination with the landlord and thirty days to vacate the premises. When Kennedy failed to vacate, Andover brought this forcible detainer action on December 21, 2004. The trial court determined that Kennedy had violated her lease, that Andover had properly terminated her tenancy, and that Andover was entitled to possession of the premises.

## ANALYSIS

### *Jurisdiction*

■ Though Andover does not contest it, we have a duty to examine our own jurisdiction. *See George v. Phillips Petroleum Co.*, 976 S.W.2d 363, 364 (Tex.App.-Houston [14th Dist.] 1998, no pet.). We do so in light of the supreme court's recent decision in *Marshall v. Housing Authority of San Antonio*, 198 S.W.3d 782 (Tex. 2006). As in this case, *Marshall* involved a forcible detainer action by a landlord to evict a tenant in a rent-subsidized federal housing assistance program. *Id.* at 784–85. The court dismissed the case as moot because the tenant no longer lived in the apartment and, since her lease had expired, she had no basis for claiming a current right to possession of the apartment. *Id.* at 787.

■ Although Kennedy's lease expired on March 31, 2005, the lease provides that it "will continue for successive terms of one month each unless automatically terminated as permitted by paragraph 23." Paragraph 23 allows a landlord to terminate the lease for various reasons constituting good cause; a landlord may not terminate HUD-subsidized housing solely because the term of the lease has expired. *See 911 Glen Oak Apartments v. Wallace*, 88 S.W.3d 281, 285 (Tex.App.-Corpus Christi 2002, no pet.) ("[W]hen deciding whether a landlord may terminate a lease involving federally subsidized housing as in this case, landlords may not refuse to renew a lease solely because the term has expired."); *Newhouse v. Settegast Heights Village Apartments*, 717 S.W.2d 131, 134 (Tex.App.-Houston [14th Dist.] 1986, no writ) ("HUD materials also make it clear that landlords may not refuse to renew a lease solely because the term has expired."). Andover neither argues nor presents evidence of any good cause for terminating Kennedy's lease arising after this forcible detainer was filed. Thus, although the initial term of Kennedy's lease expired during the pendency of this action, unlike in *Marshall*, Kennedy has asserted a basis for claiming a current right to possession after the date the lease expired based on its automatic renewal provision. Thus, we determine this action is not moot.

### *Forcible Detainer*

■ Under Texas Property Code section 24.002, a tenant commits a forcible detainer by refusing to surrender possession of real property after the landlord has lawfully terminated the tenant's right to possession. *See* TEX. PROP. CODE ANN. § 24.002(a) (Vernon 2000). Section 24.002 also provides that a landlord must make a written demand for possession and comply with section 24.005's requirements for a notice to vacate. *Id.* § 24.002(b). Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements. *See Perkins v. Group Life & Health Ins. Co.*, 49 S.W.3d 503, 506 (Tex.App.-Austin 2001, pet. denied) (noting that because relevant cause of action derives from statute, not common law, "the 'statutory provisions are mandatory and exclusive and must be complied with in all respects'" (quoting *Employees Ret. Sys. of Tex. v. Blount*, 709 S.W.2d 646, 647 (Tex.1986))).

■ In her second issue, Kennedy argues that Andover was not entitled to prevail in its forcible detainer action because Andover failed to comply with section 24.005 and thus did not lawfully terminate her tenancy. We agree. Section 24.005 states: "If the lease or applicable law requires the landlord to give a tenant an opportunity to respond to a notice of proposed eviction, a notice to vacate *may not be given* until the period provided for the tenant to respond to the eviction notice has expired." TEX. PROP. CODE ANN. § 24.005(e) (Vernon 2000) (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.016(5) (Vernon 2005) (providing that unless the context "necessarily requires" a different construction, " '[m]ay not' imposes a prohibition and is synonymous with 'shall not' "). Under this plain language, when the lease requires an opportunity to respond to a proposed eviction and section 24.005 thus applies, the landlord must provide a separate, later notice to vacate. *See* TEX. PROP. CODE ANN. § 24.005(e); *Santos v. City of Eagle Pass,* 727 S.W.2d 126, 129 (Tex.App.-San Antonio 1987, no writ) (interpreting prior statute and noting it "requires the landlord to delay sending a notice to vacate if the lease or applicable law requires him to give the tenant the opportunity to respond to a notice of proposed eviction"). Kennedy's lease requires such an opportunity to respond, specifically stating that a termination notice must "advise the Tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the Landlord." Accordingly, because Andover did not provide a separate notice to vacate after ten days, it did not comply with section 24.005 and thus did not lawfully terminate Kennedy's tenancy.

■ Andover argues that its single notice was sufficient to comply with section 24.005 based on language in the lease.

The lease states that "[a]ny HUD-required notice period may run concurrently with any notice period required by State and local law." This language indicates that state and HUD notice periods may run together as opposed to consecutively; it does not say that a HUD notice can eliminate the state statutory requirement of providing a second, later notice. In other words, the HUD notice period may run concurrently with the first state notice period, but section 24.005 still requires a second notice. Andover cites two non-Texas cases holding that, in those circumstances, a later notice to vacate was not necessary. *See Ferguson v. Hous. Auth. of Middlesboro,* 499 F.Supp. 334, 336–37 (E.D.Ky.1980); *Okla. City Hous. Auth. v. Jeffers,* 853 P.2d 1277, 1280–81 (Okla.1993). However, those cases explicitly noted that, unlike here, the notices given complied with state law. *See Ferguson,* 499 F.Supp. at 337; *Jeffers,* 853 P.2d at 1281; *see also Staten v. Hous. Auth. of Pittsburgh,* 469 F.Supp. 1013, 1016 (W.D.Penn.1979) (finding second notice necessary to comply with state law); *Hous. Auth. of Everett v. Terry,* 114 Wash.2d 558, 789 P.2d 745, 750 n. 22 (1990) (discussing two-notice cases and concluding that "regardless of any parallel or duplicate federal notice requirements, state notice ... must be given as prescribed by the relevant statute").

Because Andover's attempted termination of Kennedy's tenancy did not comply with section 24.005, Andover was not entitled to prevail in its forcible detainer action. We sustain Kennedy's second issue, reverse the trial court's judgment, and render judgment in favor of Kennedy. Because we sustain Kennedy's second issue and render judgment in her favor, we need not address her other three issues.