Affirmed and Opinion filed August 16, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00702-CV

___________________

 

Diana Washington, Appellant

 

V.

 

Related Arbor Court, LLC,
Appellee



 



 

On
Appeal from the County Civil Court at Law No. 3

Harris County,
Texas



Trial Court Cause No. 957564

 



 

 

OPINION

This is an appeal from a forcible-detainer
action.  Appellee, Related Arbor Court, LLC, owns a Section 8 low-income
housing project in which the appellant, Diana Washington, was a tenant.  Arbor
Court filed the forcible-detainer action in justice court seeking Washington’s
eviction for several alleged lease violations, including non-payment of rent. 
Both the justice court and, on appeal, the county civil court at law, ordered Washington
evicted from her apartment.  On appeal to this court, Washington complains (1)
there is no evidence Arbor Court mailed Washington a written lease-termination
notice as required by federal regulation for termination of a
federally-subsidized tenancy, and (2) there is no evidence to support an award
of attorney’s fees to Arbor Court.  We overrule Washington’s first issue but
sustain her second issue, and modify the judgment accordingly.

I

            Washington lived
at Arbor Court for several years before Arbor Court terminated her lease on
January 24, 2010.[1] 
On January 14, 2010, an Arbor Court employee hand-delivered to Washington’s
apartment a lease-termination notice requiring her to vacate her apartment
within ten days.  The notice contained several grounds for Washington’s
eviction, including non-payment of December 2009 and January 2010 rent; threats
against Arbor Court management personnel; impersonation of Arbor Court
management personnel; failure to pass an October 2009 unit inspection; and
failure to maintain utility service to the apartment as of January 6, 2010.[2]  

When Washington did not vacate her apartment by
January 24, Arbor Court delivered a notice to vacate on January 26, 2010,
demanding she vacate the apartment within three days.  When Washington remained
in the apartment after the notice to vacate, Arbor Court sought and received an
award of possession of the premises from a Harris County justice court, which
led to her eviction.  

 

II

In her first issue, Washington argues there is no
evidence Arbor Court complied with the notice requirements for terminating a
federally subsidized tenancy.  Specifically, Washington contends Arbor Court
did not mail her a copy of the lease-termination notice as required by federal
regulation.  Section 247.4 of Title 24 of the Code of Federal Regulations
outlines the requisites for an effective lease-termination notice to tenants of
Section 8 housing, and provides the manner of service is accomplished by:

(1) Sending a letter by first class mail, properly stamped
and addressed, to the tenant at his or her address at the project, with a
proper return address, and (2) serving a copy of the notice on any adult person
answering the door at the leased dwelling unit, or if no adult responds, by
placing the notice under or through the door, if possible, or else by affixing
the notice to the door.  Service shall not be deemed effective until both
notices provided for herein have been accomplished.

24 C.F.R. § 247.4(b) (2009). 


Tracy Jones, Arbor Court’s community manager,
testified she asked Arbor Court’s counsel to prepare the notices necessary to
terminate Washington’s lease.  On January 14, Jones testified, counsel supplied
a copy of the notice to be hand-delivered to Washington’s apartment.  Jones
testified the notice was delivered to Washington’s apartment the same day, and Raul
Alquisira, another Arbor Court employee, testified he delivered the termination
notice to Washington’s door.  Jones further testified she knew Washington
received the notice because Washington came to the management office later that
day to discuss the notice.  Furthermore, Washington testified that “the papers
were on my porch” and relayed her account of conversations she had with
management personnel concerning the notice.  Therefore, there is no dispute
Washington received the lease-termination notice at her apartment and that she
had actual notice of her lease termination.  

It is not so clear that Washington received the same
notice through the mail, as is also required by section 247.4(b).  At trial,
Washington denied receiving a lease-termination notice in the mail.  Jones
testified it was her understanding that Arbor Court’s counsel would mail the
notice, but Jones admitted on cross-examination she did not have personal
knowledge that counsel actually mailed the notice.  A copy of the January 14 lease-termination
notice that was admitted into evidence bears a certified mail “Senders Record”
label with a certified article number as well as a notation that reads “Via
Hand Delivery, CM RRR and U.S. First Class Mail.”  The January 26 notice to
vacate bears a similar label and notation.  Washington concedes the notices
list her correct address.  

Nonetheless, Washington contends this evidence is
insufficient to establish the notice was mailed.  Washington argues Jones’s
testimony is incompetent because she admitted having no personal knowledge that
counsel actually sent the notice.  Furthermore, notations and labels on the
notices, Washington argues, show only that “someone at the law firm began
preparing the paperwork needed to send the notice by certified mail.”  Taken
together, Washington maintains, this evidence offers no more than a scintilla
of evidence the notice was ever actually mailed to Washington.  

In its judgment, however, the trial court concluded
that “[p]laintiff made written demand upon the [d]efendant and all occupants of
the Leased Premises to vacate same, which demand was received by the [d]efendant
as required by law.”  Findings of fact in a bench trial have the same force and
dignity as a jury’s verdict upon questions and are reviewed for sufficiency of
the evidence by the same standards.  Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996). We review the trial court’s legal conclusions de novo.  BMC
Software Belguim, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002).

When reviewing legal sufficiency we examine the
evidence in the light most favorable to the challenged finding and indulge
every reasonable inference that would support it.  See City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  We credit favorable evidence if a
reasonable fact finder could, and disregard contrary evidence unless a
reasonable fact finder could not.  Id. at 827.  The evidence is legally
sufficient if it would enable a reasonable and fair-minded person to reach the
verdict under review.  Id. A party attacking the legal sufficiency of an
adverse finding on an issue on which he has the burden of proof must
demonstrate that the evidence conclusively establishes all vital facts in
support of the issue.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241
(Tex. 2001). The fact finder is the sole judge of witness credibility and the
weight to give testimony.  See City of Keller, 168 S.W.3d at 819.  

Assuming without deciding the evidence is
insufficient to establish Arbor Court mailed the lease-termination notice as
required by federal regulation, we conclude Washington was not harmed by Arbor
Court’s failure, if any, to mail her the notice.  We follow our sister court in
applying a harm analysis to claims of inadequate notice of termination of a
federally subsidized residential lease.  See Nealy v. Southlawn Palms
Apartments, 196 S.W.3d 386 (Tex. App.—Houston [1st Dist.] 2006, no pet.).[3]  In Nealy,
the court concluded a lease termination failed to satisfy the requirement that
the notice state the reason for the landlord’s action with enough specificity
as to enable the tenant to prepare a defense.  Id. at 391; see also 24
C.F.R. § 247.4(a).  The notice in Nealy stated only that the “[o]wner
desired possession” because of “[u]n-desirable tenant behavior,” but the court
noted that through discovery, counsel learned the basis of the lease
termination were allegations Nealy had “mooned” other tenants by exposing her
buttocks to them.  Nealy, 196 S.W.3d at 389.  The court concluded Nealy was
not harmed because “Nealy [filed] an answer and pursued pretrial discovery
through written interrogatories and requests for production.”  Id. at
393.  The court further noted that “[n]either Nealy nor Nealy’s counsel
indicated they could not prepare a proper defense, and Nealy’s counsel did
object to evidence of other alleged lease violations because counsel knew, or
was under the impression, that only Nealy’s alleged mooning of other tenants
formed the basis for her eviction.”  Id.  

It is similarly clear in this case that Washington
was not harmed even if she did not receive a lease-termination notice by mail.  She
conceded at trial that she received the hand-delivered notice at her apartment
and that she discussed the notice with Arbor Court management the same day. 
There is no argument the mailed notice would have contained information the
personally delivered notice did not.  And Washington does not argue that
failure to receive notice by mail impeded her defense before the justice court
or the county court at law.  

Nonetheless, Washington urges that we strictly
construe the notice requirements contained in 24 C.F.R. 427.4(b) in light of
the regulation’s provision that “[s]ervice shall not be deemed effective until
both notices provided for herein have been accomplished.”  However, in light of
the dearth of federal or state cases directly addressing 24 C.F.R. 427.4(b),
and the Nealy court’s conclusion that section 427.4(a) is susceptible to
a harm analysis, we see no reason why section 427.4(b) is not susceptible to
the same harm analysis.  Our position is consistent with a wide range of Texas
cases holding that statutory notice requirements may be satisfied by a method
of service other than the prescribed statutory method when the recipient
acknowledges receipt and therefore has the actual notice the statutory notice requirement
is intended to guarantee.  See, e.g., Roccaforte v. Jefferson County,
341 S.W.3d 919 (Tex. 2011) (holding county officials’ acknowledgement of
hand-delivered notice satisfied statute’s “requisite notice” even though
statute required notice to be delivered by certified or registered mail); Goforth
v. Bradshaw, 296 S.W.3d 849, 851 (Tex. App.—Texarkana 2009, no pet.) (holding
expert reports and CVs sent by regular mail within statutory deadline, which
defendants acknowledged receiving, were timely served even though statute
required the documents to be served through registered or certified mail); Spiegel
v. Strother, 262 S.W.3d 481, 486 (Tex. App.—Beaumont 2008, no pet.)
(holding the same when plaintiff sent an expert report and CV by priority mail
rather than registered or certified mail and doctor acknowledged timely receipt
of the mailing); Netherland v. Wittner, 662 S.W.2d 786, 787 (Tex.
App.—Houston [14th Dist.] 1983, writ ref’d n.r.e.) (holding proper notice was
delivered despite registered-mail requirement when appellant admitted actual
notice of trial setting by phone call and unregistered mail); Hill v. W. E.
Brittain, Inc., 405 S.W.2d 803, 807 (Tex. Civ. App.—Fort Worth 1966, no
writ) (holding failure, if any, to comply with rules of service and notice were
waived in view of appellants’ appearance and full participation at trial); Parr
v. Leal ex rel. Duval County, 290 S.W.2d 536, 537 (Tex. Civ. App.—San
Antonio 1956, no writ) (admission that notice was timely delivered through
regular mail was sufficient even though rule required notice be delivered by
registered mail).  

Because Washington admits she had actual notice of
her lease termination through delivery of a lease-termination notice directly
to her apartment, we conclude she was not harmed by Arbor Court’s failure, if
any, to mail her a copy of the notice via first-class mail.  We overrule Washington’s
first issue.

III

            In her second
issue, Washington argues the trial court improperly awarded Arbor Court
attorney’s fees.  Washington contends there is no evidence to support the
attorney’s-fees award because the lease-termination notice and the notice to
vacate both establish on their face that Arbor Court failed to satisfy the
statutory prerequisites for recovery of attorney’s fees in forcible detainer
actions.  We agree.[4]

            Section 24.006 of
the Property Code requires that a landlord may recover attorney’s fees in an
eviction suit only if the lease provides for attorney’s fees or if the landlord
delivers to the tenant a written demand to vacate stating “that if the tenant
does not vacate the premises before the 11th day after the date of receipt of
the notice and if the landlord files suit, the landlord may recover attorney’s
fees.”  Tex. Prop. Code § 24.006(a), (b); French v. Moore, 169 S.W.3d 1,
17 (Tex. App.—Houston [1st Dist.] 2004, no pet.).   

Here, Arbor Court delivered two notices to Washington—the
first a notice of lease termination delivered on January 14, 2010, that
required her to vacate her apartment by January 24, 2010, and the second a
notice to vacate delivered on January 26, 2010, that required her to vacate
within three days.  In the January 14 notice, Arbor Court does not specifically
mention attorney’s fees; instead, it urges Washington to comply with its
demands “to avoid the expense and aggravation which litigation entails.”  The
January 26 notice to vacate, however, specifically provides that Arbor Court
may seek attorney’s fees in the event Washington fails to comply with the
demand to vacate within three days.  

Neither notice satisfies the requirements imposed by
section 24.006 of the Property Code.  Arbor Court argues the January 14
lease-termination notice satisfies section 24.006 because it urges Washington
to “avoid the expense and aggravation which litigation entails,” which Arbor
Court contends necessarily encompasses attorney’s fees.  We disagree. 
Attorney’s fees are not available in many cases and not awarded in others; they
certainly are not necessarily included in a general reference to “litigation.” 
Furthermore, a person cannot be expected to infer from a general threat of
litigation that she would liable for attorney’s fees.  Further still,
litigation can be plenty aggravating even without attorney’s fees.  Accordingly,
the January 14 notice failed to advise Washington she may be liable for
attorney’s fees if she failed to vacate by the termination date.  

The January 26 notice, on the other hand,
specifically refers to attorney’s fees, but its demand that Washington vacate
in three days falls well short of the notice requirement imposed by section
24.006 of the Property Code, which authorizes attorney’s fees only after the
tenant has been notified that she must vacate “before the 11th day after the
date of receipt of the notice.”  

Because there is no evidence Arbor Court fulfilled
the requirements of section 24.006 of the Property Code, and because the two
notices instead actually provide evidence showing Arbor Court failed to meet
the statutory requirements, the trial court abused its discretion by awarding
Arbor Court $2,000 in attorney’s fees plus interest at five percent per annum
from the date of judgment.  We sustain Washington’s second issue.  

***

            For the foregoing
reasons, we conclude Washington was not harmed by Arbor Court’s failure, if
any, to mail her a copy of the lease-termination notice, and further conclude
the trial court abused its discretion in awarding Arbor Court attorney’s fees. 
Accordingly, we modify the trial court’s judgment to delete the award of
attorney’s fees and post-judgment interest.  We affirm the remainder of the
judgment.  

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

 









[1] Washington argues this
case is not moot because the lease’s automatic-renewal provision gives her a
basis for claiming a current right to possession after expiration of the
original lease term.  The automatic-renewal provision provides that the lease
will automatically renew for “one 12[-]month term” unless Washington gives
thirty days’ notice of her intent to leave or Arbor Court terminates the lease
under the limited grounds available under the lease.  For support, she cites Kennedy
v. Andover Place Apartments, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th
Dist.] 2006, no pet.), in which we held a similar lease gave the evicted tenant
“a basis for claiming a current right to possession after the date the lease
expired.”  Although Arbor Court does not argue this claim is moot, we have a
duty to examine our own jurisdiction.  George v. Philips Petroleum Co.,
976 S.W.2d 363, 364 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  And based
on our holding in Kennedy, we conclude the expiration of the lease’s
original term does not render this case moot because the lease contained an
automatic-renewal provision.  





[2] Although several of these
grounds for termination of the lease were contested at trial before the county
court at law, we forego further discussion of these allegations because the
grounds for lease termination are not material to Washington’s issues on
appeal.     





[3] The court’s reasoning in
applying a harm analysis was based on the supreme court’s holding in Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 76–77 (Tex. 2000), in which the
supreme court “disapproved of a long line of cases holding that, when a claim
is based on a statute, the statutory provisions are mandatory, exclusive, and
require compliance in all respects, or the trial court will lack subject-matter
jurisdiction.”  See Nealy, 196 S.W.3d at 392.  Additionally, although it
based its holding on its own case law rather than follow Nealy, the
Corpus Christi court has also concluded the notice requirements contained in
federal regulations governing Section 8 housing are not jurisdictional in
nature.  See Corpus Christi Housing Auth. v. Lara, 267 S.W.3d 222, 228
(Tex. App.—Corpus Christi 2008, no pet.).  





[4] Arbor Court argues
Washington failed to preserve error for her second issue because she did not
object at trial when Jones testified Arbor Court was seeking attorney’s fees or
when Arbor Court’s counsel testified as to reasonable and necessary attorney’s
fees.  However, Washington raised in full her argument that Arbor Court did not
fulfill the statutory prerequisites for an award for attorney’s fees in her
motion for new trial.  Error was therefore preserved.