**Affirmed and Majority and Dissenting Opinions filed October 9, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00109-CV

**FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellant**

**V.**

**TRINH PHAM, KATHERINE CRAWFORD, & GARY BLOCK, Appellees**

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1016309**

# D I S S E N T I N G   O P I N I O N

To be entitled to a summary-judgment based on the defense of res judicata or claim preclusion, the summary-judgment evidence must prove as a matter of law that the current action is based on the same claims that were raised or that could have been raised in the prior action. Therefore, to determine whether the county court at law erred in granting summary judgment based on this defense, it is important to ascertain the claims asserted in the current action by appellant/plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac").

Because no special exceptions were sustained against the live petition in the court below, this court must construe that pleading liberally in Freddie Mac's favor to include all claims that reasonably may be inferred from the language contained in the petition. Under this liberal construction, which the majority fails to apply, Freddie Mac pleaded a forcible-detainer action based on a demand for possession made after Freddie Mac filed the second forcible-detainer action. Thus, appellees/defendants Trinh Pham, Gary Block, and Katherine Crawford had the burden to prove that the case under review is not based on such a subsequent forcible detainer. Because they failed to do so, this court should reverse the county court at law's summary judgment and remand for further proceedings.

### *Forcible Detainer and the Notice-to-Vacate Requirement*

Texas Property Code section 24.002 governs forcible-detainer actions. If a person falls within one of the categories listed in the statute, and if the person refuses to surrender possession of real property on written demand by one entitled to possession, then the person in possession commits a forcible detainer.[1] To succeed in a forcible-detainer action, the plaintiff must show, among other things, the occupant's refusal to surrender possession of real property on the plaintiff's written demand as well as compliance with the notice-to-vacate requirements set forth in Property Code section 24.005, which governs notice to the occupant prior to filing a forcible-detainer action.[2]

### *Res Judicata Analysis: Same or Different Claims?*

The only issue in a forcible-detainer action is the right to actual and

---

[1] *See* Tex. Prop. Code Ann. § 24.002 (West 2014); *Kennedy v. Andover Place Apts.*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

[2] *See* Tex. Prop. Code Ann. §§ 24.002, 24.005 (West 2014); *Kennedy*, 203 S.W.3d at 497.

2

immediate possession of the premises.[3]  Each refusal to surrender possession of the real property on written demand for possession constitutes a new forcible detainer.[4] To succeed on the affirmative defense of res judicata or claim preclusion, a defendant must prove, among other things, that the current action is based on the same claims that were raised or that could have been raised in the prior action.[5]  If after an adverse judgment in a forcible-detainer action, a plaintiff makes a new written demand for possession of the real property that complies with section 24.005's notice-to-vacate requirements, then a subsequent action based on a subsequent forcible detainer would not be based on the same claims that were raised or could have been raised in the prior action.[6]  The majority agrees with this conclusion but affirms the trial court's summary judgment because the majority determines that Freddie Mac failed to plead a forcible-detainer action based on a demand for possession made after Freddie Mac filed the second forcible-detainer action in March 2011.  In reaching this conclusion the majority fails to consider the state of the pleadings and the absence of special exceptions.

### *Liberal Construction of the Plaintiff's Pleadings*

Because no special exceptions were sustained against Freddie Mac's live petition in the court below, this court must construe that pleading liberally in Freddie Mac's favor to include all claims that reasonably may be inferred from the

---

[3] *See Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 361 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[4] *See* Tex. Prop. Code Ann. § 24.002; *Kennedy*, 203 S.W.3d at 497.

[5] *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

[6] *See* Tex. Prop. Code Ann. §§ 24.002, 24.005 (West 2014); *Williams*, 420 S.W.3d at 361; *Kennedy*, 203 S.W.3d at 497.  The inability to prove res judicata or claim preclusion would not prevent a defendant from pleading and proving collateral estoppel or issue preclusion as to an issue determined in the first action as to which the circumstances have not changed, for example, a determination that the plaintiff is not entitled to possession of the real property.

language contained in the petition, even if the petition does not include all the elements of the claim in question.[7] Under this liberal construction, Freddie Mac pleaded a forcible-detainer action based on a demand for possession made after Freddie Mac filed the second forcible-detainer action.[8] Thus, Pham, Block, and Crawford had the burden to prove that the case under review is not based on such a subsequent forcible detainer.[9] They failed to do so.[10] Therefore, this court should sustain Freddie Mac's appellate challenge.

### *Conclusion*

This court should reverse the trial court's judgment and remand for further proceedings. Because the court does not do so, I respectfully dissent.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Wise, J., majority).

---

[7] *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

[8] *See id.*

[9] *See Joachim*, 315 S.W.3d at 862.

[10] *See Rodriguez v. Womack*, No. 14-10-01213-CV, 2012 WL 19659, at *3–5 (Tex. App.— Houston [14th Dist.] Jan. 5, 2012, pet. denied) (reversing and remanding summary judgment because movant did not prove as a matter of law each element of res judicata) (mem. op.).