**Reversed and Rendered and Memorandum Opinion filed January 10, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00079-CV

---

### ANDRENIQUE MERCADEL, Appellant

### V.

### EMPIRE VILLAGE APARTMENTS, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1175818**

---

## MEMORANDUM OPINION

In this forcible detainer action, appellant Andrenique Mercadel contends the trial court erred in awarding the leased premises and attorney's fees to appellee Empire Village Apartments. Because Empire Village failed to comply with Texas Property Code section 24.005(e), it did not lawfully terminate Mercadel's tenancy. Accordingly, we reverse and render judgment that Empire Village take nothing on its forcible detainer claim.

## Background

Empire Village operates a federally subsidized apartment complex, and Mercadel had a tenancy subsidized through the Department of Housing and Urban Development ("HUD"). According to the lease, if Empire Village wanted to terminate, "the Landlord agrees to give the Tenant written notice" meeting numerous requirements. Among other things, "[a]ll termination notices must . . . advise the Tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the Landlord." The lease's termination provisions were also subject to "HUD regulations [and] State and local law. . . ."

On July 7, 2021, Empire Village mailed a "Proposed Termination of Rights to Occupy Premises" to Mercadel. This notice provided, "You have ten (10) days from the date of this notice to discuss this notice and proposed termination action with the property manager." Empire Village used this termination notice also as a notice to vacate, stating in the letter, "You may consider this your thirty (30) day notice to vacate the premises on or before midnight of the 7th day of August, 2021[.]" This was the only notice delivered to Mercadel.

When Mercadel failed to discuss the notice with the manager and failed to vacate her apartment, Empire Village filed a forcible detainer action seeking to evict her in August 2021. On September 14, the justice court awarded possession to Empire Village after a default hearing. Mercadel timely appealed to the county court, where a bench trial de novo was conducted. During the trial, Empire Village elicited testimony from its manager regarding the single, combined notice of lease termination and notice to vacate. Mercadel cross-examined the manager on this issue, and Mercadel testified during her case-in-chief that the combined notice of lease termination and notice to vacate was the only notice she received from Empire Village prior to suit. No one objected to any of this testimony. During closing

2

argument, Mercadel's counsel argued without objection that two separate notices were required, and Empire Village's counsel argued that one combined notice of lease termination and notice to vacate was satisfactory.

After hearing the evidence and argument of counsel, the trial court signed a judgment awarding Empire Village possession of the leased premises and $1,500 in attorney's fees. Mercadel requested findings of fact and conclusions of law, which the trial court signed. The court also denied Mercadel's motion for new trial. Mercadel appeals.

## Analysis

In the dispositive issue, Mercadel contends that Empire Village cannot prevail on its forcible detainer action because Empire Village failed to comply with Property Code section 24.005(e) and thus did not lawfully terminate her tenancy. Mercadel raised this argument during the trial proceedings.

A tenant commits a forcible detainer by refusing to surrender possession of real property after the landlord has *lawfully* terminated the tenant's right to possession. *See* Tex. Prop. Code § 24.002(a); *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.). A landlord must make a written demand for possession and comply with section 24.005's requirements for a notice to vacate. Tex. Prop. Code § 24.002(b); *Kennedy*, 203 S.W.3d at 497. "Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements." *Kennedy*, 203 S.W.3d at 497 (citing *Perkins v. Grp. Life & Health Ins. Co.*, 49 S.W.3d 503, 506 (Tex. App.—Austin 2001, pet. denied)).

Section 24.005(e) provides in pertinent part, "If the lease or applicable law requires the landlord to give a tenant an opportunity to respond to a notice of

3

proposed eviction, a notice to vacate *may not be given* until the period provided for the tenant to respond to the eviction notice has expired." Tex. Prop. Code § 24.005(e) (emphasis added). When the legislature uses the term "may not," we generally construe it as synonymous with "shall not." Tex. Gov't Code § 311.016(5) (providing that unless the context "necessarily requires" a different construction, "'[m]ay not' imposes a prohibition and is synonymous with 'shall not'"). "Under this plain language, when the lease requires an opportunity to respond to a proposed eviction and section 24.005 thus applies, the landlord must provide a separate, later notice to vacate." *Kennedy*, 203 S.W.3d at 498 (citing Tex. Prop. Code § 24.005(e); *Santos v. City of Eagle Pass*, 727 S.W.2d 126, 129 (Tex. App.—San Antonio 1987, no writ)).

The parties do not dispute that Mercadel's lease required Empire Village to "advise the Tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the Landlord." It is likewise undisputed that Mercadel did not respond to this notice or discuss the lease's proposed termination by the ten-day deadline and that Empire Village did not provide a second, separate notice to vacate after the ten-day deadline passed. Accordingly, because Empire Village did not provide a separate notice to vacate after ten days, it did not comply with section 24.005, and it did not lawfully terminate Mercadel's tenancy. *See id.*; *see also Geters v. Baytown Hous. Auth.*, 430 S.W.3d 578, 585-86 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

On appeal, Empire Village acknowledges that "a sufficient notice of eviction is a condition precedent" to a forcible detainer action. Nonetheless, Empire Village emphasizes that it pleaded that all conditions precedent to its forcible detainer suit had occurred. *See* Tex. R. Civ. P. 54 ("In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions

4

precedent have been performed or have occurred."). According to Empire Village, it was relieved of its burden to prove sufficient notice unless Mercadel specifically denied that that this condition precedent had occurred. *See KBG Invs., LLC v. Greesnspoint Prop. Owners' Ass'n, Inc.*, 478 S.W.3d 111, 113-14 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("A party that makes such a general averment in its pleading is required to prove that allegation only to the extent that it is specifically denied by the opposing party."). Undisputedly, Mercadel did not specifically deny the occurrence of any conditions precedent.

However, as Mercadel points out in her reply brief, "[u]npleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings." *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); *see also* Tex. R. Civ. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009) ("When both parties present evidence on an issue and the issue is developed during trial without objection, any defects in the pleadings are cured at trial, and the defects are waived."). Even issues excused from proof by the operation of rule 54 may be tried by consent. *E.g.*, *Hamdan v. Hamdan*, No. 14-16-00648-CV, 2017 WL 4930933, at *12 (Tex. App.—Houston [14th Dist.] Oct. 31, 2017, pet. denied) (mem. op.) (presentment tried by consent despite plaintiff's invocation of rule 54); *Rosenthal v. Doherty & Doherty, L.L.P.*, No. 01-12-01017-CV, 2014 WL 953547, at *4 (Tex. App.—Houston [1st Dist.] Mar. 11, 2014, no pet.) (mem. op.) (warranty notice tried by consent despite invocation of rule 54); *Dallas Raceway, Inc. v. Pavecon, Ltd.*, No. 05-10-00712-CV, 2011 WL 1679869, at *7 (Tex. App.—Dallas May 5, 2011, pet. denied) (mem. op.) (substantial performance tried by consent even though rule 54 asserted). If a party allows an issue to be tried

5

by consent and fails to raise the lack of pleading before submission of the case, it cannot raise the pleading deficiency for the first time on appeal. *Roark*, 813 S.W.2d at 495; *see Ingram*, 288 S.W.3d at 893. To determine whether an issue has been tried by consent, we examine the record "'not for evidence of the issue, but rather for evidence of *trial* of the issue.'" *Hamdan*, 2017 WL 4930933, at \*12 (quoting *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 446 (Tex. 1993)).

Here, the notice issue was front and center during this trial. As discussed above, Empire Village elicited testimony from its manager that it provided a single, combined notice of lease termination and notice to vacate. Mercadel cross-examined the manager on the same issue, and the manager asserted that HUD regulations allow for one combined notice. Mercadel testified that she only received a single notice from Empire Village before she was sued. This evidence was admitted without objection.

> The following exchange occurred during closing argument:
>
> [Mercadel's counsel]: . . . . The HUD lease requires she has 10 days to rectify the situation. The Texas Property Code also allows for a period to cure. There's case law from the – from the – in Kennedy vs. Andover from 2006, that states that the HUD lease as well as the Texas Property Code should be read together; and therefore, a subsequent notice after the notice of termination was supposed to be sent and – which was not sent. Not sent by the landlord and not received by the tenant; and therefore, there are notice requirements that were not met in order to terminate her tenancy.
>
> THE COURT: . . . . I'd like you to respond on the intersection of the HUD and the Texas Property Code; and then I have one final question of you.
>
> [Empire Village's counsel]: Sure, Your Honor. As previously testified and stated by my client, HUD regulations are what govern here. HUD regulations clearly make it very clear that a Notice of Termination and Notice to Vacate are synonymous. Moreover, the notice that was provided to the tenant, who [sic] she admitted that she received, has all

6

the requisite language that's required for the Notice to Vacate under the Texas Property Code.  Hence, under the own [sic] case that [Mercadel's counsel] stated, if you read it correctly, it states that, that when you read the HUD regulations and the property code together, then that means one notice is all that's required.[1]

As this colloquy illustrates,[2] the parties tried by consent the validity of Empire Village's single, combined notice, and Empire Village cannot now object to Mercadel's failure to specifically deny it in her responsive pleadings.  *See Rosenthal*, 2014 WL 953547, at *4 ("As this question [by the trial judge] illustrates, the issue of notice was tried by consent, and Rosenthal cannot now object to the failure of Petro or NOVA to raise it by verified pleadings.").

In sum, because Empire Village's attempted termination of Mercadel's tenancy did not comply with Property Code section 24.005(e) and because this issue was tried by consent, we sustain Mercadel's first issue.  Our resolution of this issue makes it unnecessary to address her second issue, in which she contends that the

---

[1] In *Kennedy*, the landlord made a similar argument.  *See Kennedy*, 203 S.W.3d at 498.  There, as here, the lease provided that "[a]ny HUD-required notice period may run concurrently with any notice period required by State and local law."  *Id.*  Based on this language, the landlord urged that "state and HUD notice periods may run together as opposed to consecutively."  *Id.*  However, we rejected that argument, explaining that, although this language indicates that state and HUD notice periods may run together, "it does not say that a HUD notice can eliminate the state statutory requirement of providing a second, later notice.  In other words, the HUD notice period may run concurrently with the first state notice period, but section 24.005 still requires a second notice."  *Id.*

[2] As noted above, the trial court signed findings and fact and conclusions of law.  In its legal conclusions, the trial court stated, "No affirmative defenses or specific denials were tried by consent."  We give no deference to a trial court's legal conclusions.  *See, e.g.*, *Baber v. Pigg*, No. 14-10-00065-CV, 2011 WL 35667835, at *3 (Tex. App.—Houston [14th Dist.] Aug. 23, 2011, no pet.) (mem. op.); *ASI Techs., Inc. v. Johnson Equip. Co.*, 75 S.W.3d 545, 547 (Tex. App.—San Antonio 2002, pet. denied).  However, whether an issue was tried by consent is reviewed for an abuse of discretion.  *RR Maloan Invs., Inc. v. New HGE, Inc.*, 428 S.W.3d 355, 363 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).  Here, the colloquy between Mercadel, Empire Village, and the trial court regarding the interplay between Texas Property Code section 24.005(e) and HUD regulations plainly illustrates that this issue was tried by consent, and the trial court abused its discretion in concluding otherwise.

award of attorney's fees was error.[3]  *See* Tex. R. App. P. 47.1.

## Conclusion

Having sustained Mercadel's notice issue, we reverse and render judgment that Empire Village take nothing by way of its forcible detainer suit.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Wise, Jewell, and Poissant.

---

[3] We note that, in its appellee's brief, Empire Village "concedes that the record is insufficient to support an award of attorney's fees through trial or a contingent award of attorney's fees through appeal."