# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00070-CV

---

**Gloria Samarripa, Appellant**

**v.**

**Related Management d/b/a Riverside Townhomes, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. C-1-CV-20-001083, THE HONORABLE TODD T. WONG, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

In this forcible detainer suit, Gloria Samarripa appeals from the trial court's final judgment awarding possession of certain residential property to appellee Related Management, d/b/a Riverside Townhomes (Riverside). We reverse the trial court's judgment of possession.

### BACKGROUND

Riverside operates an apartment complex that receives government subsidies to provide housing to low-income individuals. Samarripa, whose income is $246 per month in child support payments, has lived at Riverside since 2014 with her eight-year-old son. In May of 2019, Samarripa signed a Model Lease for Subsidized Programs (Lease) where she agreed to rent an apartment for $54.00 per month. The lease was for an initial term of one year and automatically renewed unless terminated.

Samarripa did not pay the rent for November or December, and Riverside served her with a "Notice of Proposed Termination" on December 11, 2019 (December 11 Notice). The December 11 Notice advises her that she owes $460 in rent and demands that she either vacate the premises or pay the outstanding sum within three days. It further states that it is a "notice of proposed termination" and that she has "ten (10) days within which to discuss the proposed termination of possession with the Landlord."

On December 26, 2019, Riverside served Samarripa with a "Notice to Vacate and Termination of Possession" (December 26 Notice) demanding that she vacate the property within three days of receipt and advising her that Riverside would file suit if she did not. In the following paragraph, the notice states that the Lease is terminated effective January 9, 2020, and advises her that she has "ten (10) days within which to discuss the proposed termination of possession with the Landlord." Samarripa did not vacate the property, and Riverside filed a forcible-entry suit against her in justice court on January 16, 2020. *See* Tex. Prop. Code § 24.004(a) (justice court has original jurisdiction over forcible-entry-and-detainer cases). The justice court rendered judgment in favor of Riverside, awarding it possession of the property and $690 in unpaid rent. Samarripa timely appealed the judgment to the county court at law (which we will refer to as the trial court). *See* Tex. R. Civ. P. 510.10. Riverside's evidence at the trial de novo included the Lease, the two notices, and Chapter 8 of the HUD Handbook, which contains policies relevant to Samarripa's lease. Following a bench trial, the trial court rendered judgment for Riverside, awarding possession of the apartment, $1,993 in unpaid rent, and

2

$144.50 in costs. Samarripa timely appealed. At Samarripa's request, the trial court issued findings of fact and conclusions of law.[1]

## APPLICABLE LAW

To prevail in a forcible detainer action, the plaintiff has the burden to prove (1) a superior right to possession of the property; (2) the occupant, relevant here, is a tenant holding over after termination of the tenant's right to possession; (3) the plaintiff gave the occupant proper notice to vacate, and (4) the occupant refused.[2] *See* Tex. Prop. Code § 24.002; *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). "Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements." *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Samarripa challenges the conclusions of law supporting the trial court's judgment. We review a trial court's conclusions of law de novo. *Hegar v. American Multi-Cinema, Inc.*, 605 S.W.3d 35, 40 (Tex. 2020). The construction of a statute or lease also involves legal questions. *See id.*; *Exxon Mobil Corp. v. Insurance Co. of State of Pennsylvania*, 568 S.W.3d 650, 656 (Tex. 2019). Our goal in construing a statute is to ascertain and give effect to the legislature's intent, looking first "to the plain and common meaning of the statute's words." *Hegar*, 605 S.W.3d at 40. We do not interpret the meaning of text in isolation but "'consider the context and framework of the entire statute' and construe it as a whole." *Worsdale v. City of*

---

[1] The trial court set the supersedeas amount at her current rent payment of $54 per month, and Samarripa paid the first three months in the court registry. She avers in her brief that she continues to make the monthly payments and remains in possession of the residence. Riverside does not dispute any of these assertions in its brief to this Court.

[2] Samarripa does not challenge the award of unpaid rent.

3

*Killeen*, 578 S.W.3d 57, 69 (Tex. 2019) (quoting *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)). Similarly, we interpret a contract to "effectuate the parties' intent as expressed by the words chosen to memorialize their agreement." *Exxon Mobil Corp.*, 568 S.W.3d at 657.

**DISCUSSION**

In four issues, Samarripa argues that the trial court erred in concluding that Riverside complied with the notice-to-vacate requirements in Chapter 24 of the Property Code. Specifically, she argues that (1) Section 24.002 required Riverside to send the notice to vacate after the date it terminated the Lease; (2) Section 24.005(e) required Riverside to send the notice after the expiration of the ten-day period in the December 26 Notice; (3) the December 26 Notice was ineffective as a notice to vacate because it was "unclear and contradictory"; and (4) the December 26 Notice was ineffective because it included late fees for which Riverside may not evict.

We begin with Samarripa's second issue. Section 24.005 provides that if the occupant is a tenant under a lease agreement, the landlord must give a tenant who defaults three days' notice to vacate before filing suit. Tex. Prop. Code § 24.005(a). Subsection (e) states, "[i]f the lease or applicable law requires the landlord to give a tenant an opportunity to respond to a notice of proposed eviction, a notice to vacate may not be given until the period provided for the tenant to respond to the eviction notice has expired." *Id.* § 24.005(e). Under this plain language, when the lease requires an opportunity to respond to a proposed eviction and section 24.005 thus applies, the landlord must provide a separate, later notice to vacate. *Kennedy*, 203 S.W.3d at 498. Samarripa argues that Riverside's December 26 notice violated this requirement, meaning

that Riverside should have sent a separate notice to vacate after the ten-day period but instead included it in the December 26 notice. Riverside contends that the December 11 notice was the "notice of proposed eviction" contemplated by Section 24.005(e) and the December 26 notice was the separate notice to vacate required by Section 24.005(e).

We agree with Samarripa. Riverside asserts that the December 11 notice is a "notice of proposed eviction" because it informs Samarripa of Riverside's intent to terminate her tenancy and gives her ten days to respond. But, under Samarripa's lease, such a notice must:

- Specify the date the Agreement will be terminated;

- State the grounds for termination with enough detail for the Tenant to prepare a defense;

- Advise the Tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the Landlord. . . . . If the Tenant requests the meeting, the Landlord agrees to discuss the proposed termination with the Tenant;

- Advise the Tenant of his/her rights to defend the action in court.

Because the December 11 notice does not fulfill these requirements, it is not an effective "notice of proposed eviction" required by the Lease to terminate the right to possession, which would require a subsequent notice to vacate under Subsections 24.005(e). *See* Tex. Prop. Code § 24.005 (statute requires landlord to give notice to "a tenant who defaults or **holds over beyond the end of the rental term**" (emphasis added)); *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Applying the plain language of Section 24.005 and the Lease, we conclude that the requirement to send a separate notice to vacate under subsection (e) is triggered when a "notice of proposed eviction" complies with the requirements of the Lease and applicable HUD regulations is given to the

5

tenant. Consequently, the December 26 notice, which does fulfill the Lease's requirements for an effective "notice of proposed eviction," was the "notice of proposed eviction" under Subsection 24.005(e). *See Perry v. Wichita Falls Hous. Auth.*, 646 S.W.3d 908, 913 (Tex. App.—Fort Worth 2022, no pet.) ("Section 24.005(e) applies because both the lease and the HUD regulations require WFHA to give Perry an opportunity to respond . . . ."). It is undisputed that Riverside failed to send a separate notice to vacate after the expiration of the time Samarripa was entitled to respond as Section 24.005(e) requires.

Riverside argues that construing the December 26 Notice as the notice of proposed eviction would contradict the statute because Section 24.005 requires a landlord to send two notices rather than three. We disagree. Subsection 24.005(a) requires that a landlord provide a tenant with a single notice to vacate while Subsection (e) dictates the timing of that notice when the "lease or applicable law" require the landlord to give the tenant time to respond to a notice of proposed eviction. *See* Tex. Prop. Code § 24.005(a), (e); *Kennedy*, 203 S.W.3d at 498 ("[W]hen the lease requires an opportunity to respond to a proposed eviction and section 24.005 thus applies, the landlord must provide a separate, later notice to vacate."). Nothing in Section 24.005 requires that a landlord send more than one notice. *See generally* Tex. Prop. Code § 24.005. In arguing otherwise, Riverside contends that the Lease and Handbook require two notices—a notice of proposed eviction followed by a notice terminating the lease—and equates the second notice with the "notice to vacate" required by Section 24.005(a). But it is the substance of a notice—not how many notices a lease requires—that determines whether statutory requirements have been met. Interpreting the December 26 Notice as the "notice of proposed eviction" does not require sending two notices to vacate for purposes of Section 24.005. *See* Tex. Prop. Code § 24.005; *see also Briones*, 438 S.W.3d at 812 ("The statutory notice to vacate

6

is not a step for terminating the lease. Instead, the statutory notice to vacate is a separate notice required for obtaining possession of the premises via forcible detainer once the lease has been terminated.").

Next, Riverside asks us to analyze whether the error in notice was harmful. This Court has previously applied a harm analysis when a landlord failed to comply with certain requirements in federal regulations regarding the method of serving notice. *See Almon v. Skyline Terrace Apartments*, No. 03-18-00102-CV, 2018 WL 6615626, at *4 (Tex. App.—Austin Dec. 18, 2018, no pet.) (mem. op.). Riverside cites no cases where we applied a harm analysis to the failure to comply with the statutory notice requirements, and we are aware of none.[3] *See Onion Creek Luxury Apartments v. Powell*, No. 03-11-00008-CV, 2011 WL 3891843, at *2 (Tex. App.—Austin Aug. 31, 2011, no pet.) (mem. op.) (noting that "strict compliance" with statutory notice requirements is required); *accord Mercadel v. Empire Vill. Apartments*, No. 14-22-00079-CV, 2023 WL 142408, at *4 (Tex. App.—Houston [14th Dist.] Jan. 10, 2023, no pet.) (mem. op.) (reversing without performing harm analysis for failure to give statutory notice); *Perry*, 646 S.W.3d at 915 (same); *Briones,* 438 S.W.3d at 815 (rejecting argument that "any failure to give the statutory notice is harmless error"); *Geters v. Baytown Hous. Auth.*, 430 S.W.3d 578, 586 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same). We will continue to follow our precedent and that of our sister courts and require strict compliance with statutory notice requirements.

---

[3] Riverside asserts that there is a split in authority regarding whether one is required. The split among Texas appellate courts, if any, concerns whether compliance with HUD regulations is subject to a harm analysis. *See Harris v. Paris Hous. Auth.*, 632 S.W.3d 167, 174 (Tex. App.—Texarkana 2021, no pet.).

Reviewing the trial court's conclusions de novo, we hold the trial court erred by concluding that Riverside was not required to send a notice to vacate after the December 26 notice. *See* Tex. Prop. Code § 24.002; *Perry*, 646 S.W.3d at 915 (concluding trial court erred "because WFHA's failure to give Perry a separate, later notice to vacate as Section 24.005(e) requires was fatal to its forcible-detainer action"); *Briones*, 438 S.W.3d at 814–15; *Kennedy*, 203 S.W.3d at 498. We sustain Samarripa's first issue, which fully disposes of this appeal. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

## CONCLUSION

We reverse the portion of the trial court's judgment that awards possession and court costs to Riverside and render judgment for Samarripa on Riverside's forcible-detainer claim.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Kelly, and Theofanis

Reversed and Rendered

Filed: August 17, 2023

8